# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARVIN B. CARROLL,<br><br>        Plaintiff,<br><br>    v.<br><br>B. GRICEWICH, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:07-cv-00070-AWI-NEW (DLB) PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION BE DENIED AS PREMATURE<br><br>(Docs. 5-7) |

      Plaintiff Arvin B. Carroll ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On January 16, 2007, plaintiff filed the complaint in this action along with a motion seeking a preliminary injunction requiring defendants to cease retaliating against him, and requiring defendants to protect his First Amendment right to redress and to meaningful access to the courts. (Doc. 7.)

      The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must

demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court*." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

Plaintiff filed this action on January 16, 2007. Plaintiff has not yet paid the filing fee in full or filed a completed application to proceed in forma pauperis. Thus, there is no case or controversy currently pending before the court and the court has no jurisdiction to enter any orders against the defendants named in the complaint. Further, assuming plaintiff either pays the filing fee in full or is granted leave to proceed in forma pauperis, the court is required to screen plaintiff's complaint for sufficiency of the claims. 28 U.S.C. § 1915A. The court has a large number of cases pending before it and will screen plaintiff's complaint in due course. Plaintiff is not entitled to preliminary injunctive relief until such time as the court finds that his complaint contains cognizable claims for relief against the named defendants and the named defendants have been served with the summons and complaint.

At this juncture, plaintiff's motion for preliminary injunctive relief is premature. Plaintiff may file another motion for preliminary injunctive relief at a later stage. Plaintiff is cautioned that any further motions for preliminary injunctive relief that are filed before defendants are served with process in this case will be denied as premature.

Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motion for preliminary injunctive relief, filed January 16, 2007, be DENIED, without prejudice, as premature.

///

1  These Findings and Recommendations will be submitted to the United States District Judge
2  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**
3  **days** after being served with these Findings and Recommendations, plaintiff may file written
4  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
5  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
6  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d
7  1153 (9th Cir. 1991).

9  IT IS SO ORDERED.

10  Dated:   **March 2, 2007**         /s/ **Dennis L. Beck**
      3b142a                              UNITED STATES MAGISTRATE JUDGE