# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARVIN B. CARROLL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>B. GRICEWICH, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:07-cv-00070-AWI-NEW (DLB) PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING ACTION PROCEED ON RETALIATION CLAIM AGAINST DEFENDANTS GRICEWICH AND PEIFFER, AND ALL OTHER CLAIMS BE DISMISSED<br><br>(Doc. 1) |

I.　　Findings and Recommendations Following Screening of Complaint

　　A.　　Procedural History

Plaintiff Arvin B. Carroll ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on January 16, 2007. On May 8, 2007, the court issued an order finding that plaintiff's complaint states a cognizable claim for relief under section 1983 against defendants Gricewich and Peiffer for retaliation. (Doc. 20.) However, the court found that plaintiff's complaint does not state any other claims upon which relief may be granted. (Id.) The court ordered plaintiff to either file an amended complaint or notify the court of his willingness to proceed only on the claims found to be cognizable by the court. (Id.) On May 17, 2007, plaintiff notified the court that he does not wish to amend and wishes to proceed only on his cognizable retaliation claim. (Doc. 22.) Based on plaintiff's notice, this Findings and Recommendations now issues.

///

B.   Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

C.   Plaintiff's Claims

The events at issue in the instant action allegedly occurred at Kern Valley State Prison, where plaintiff is presently incarcerated. Plaintiff names prison appeals coordinators B. Gricewich and C. Peiffer as defendants. Plaintiff is seeking equitable relief and monetary damages.

The underlying basis for all of plaintiff's claims is defendants' interference with his ability to utilize the inmate appeals process. Plaintiff alleges that defendants routinely hindered his ability to exhaust claims by delaying response to his inmate appeals and screening out inmate appeals. Plaintiff alleges that defendants blocked his access to the courts by hindering his ability to exhaust, in retaliation against him for complaining in writing about the failure to timely respond to his appeals. Plaintiff alleges claims for relief for retaliation, denial of access to the courts, denial of due process, and denial of equal protection.

1.   Retaliation Claim

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support claim under section 1983. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).

Plaintiff's allegations are sufficient to give rise to a claim for relief under section 1983 against defendants for retaliation. Fed. R. Civ. P. 8(a).

2.   Denial of Access to the Courts Claim

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey,

3

518 U.S. 343, 346, 116 S.Ct. 2174, 2177 (1996).  The right is limited to direct criminal appeals, habeas petitions, and civil rights actions.  Id. at 354, 2181-82.  Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim).  Christopher v. Harbury, 536 U.S. 403, 412-15, 122 S.Ct. 2179, 2185-87 (2002).  To prevail on a claim, the plaintiff must show that he suffered an actual injury by being shut out of court.  Id. at 415, 2187; Lewis, 518 U.S. at 351, 2180.

      Plaintiff has not alleged any facts which support a claim that he has suffered an actual injury as a result of defendants' conduct.  Although there are no Ninth Circuit Court cases on point, other Circuit Courts have addressed the issue of the effect of prison officials' failure to respond to grievances in a timely manner, and held that exhaustion occurs when prison officials fail to respond to a grievance within the policy time limits.  Boyd v. Corrections Corp. of America, 380 F.3d 989, 996 (6th Cir. 2004) (administrative remedies are exhausted when prison officials fail to timely respond to properly filed grievance); Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002) (the failure to respond to a grievance within the policy time limits renders remedy unavailable); Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002) (when prison officials fail to respond, the remedy becomes unavailable, and exhaustion occurs); Foulk v. Charrier, 262 F.3d 687, 698 (8th Cir. 2001) (district court did not err when it declined to dismiss claim for failure to exhaust where prison failed to respond to grievance); Powe v. Ennis, 177 F.3d 393, 394 (5th Cir. 1999) (when a valid grievance has been filed and the state's time for responding has expired, the remedies are deemed exhausted); Underwood v. Wilson, 151 F.3d 292, 295 (5th Cir. 1998) (when time limit for prison's response has expired, the remedies are exhausted); see also Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003) (recognizing that a remedy prison officials prevent a prisoner from utilizing is not an available remedy); Brown v. Croak, 312 F.3d 109, 113 (3d Cir. 2002) (formal grievance procedure not available where prison officials told prisoner to wait for termination of investigation before filing formal grievance and then never informed prisoner of termination of investigation); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) (a remedy prison officials prevent a prisoner from utilizing is not an available

4

remedy). In joining the Eighth and Fifth Circuits with respect to this issue, the Seventh Circuit Court stated that it "refuse[d] to interpret the PLRA 'so narrowly as to . . . permit [prison officials] to exploit the exhaustion requirement through indefinite delay in responding to the grievances.'" Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002) (citing Goodman v. Carter, No. 2000 C 948, 2001 WL 755137, at *3 (N.D.Ill. July 2, 2001)). Thus, it is pure speculation that plaintiff may be barred from proceeding in an action because defendants' misconduct prevented him from exhausting. As such, plaintiff has not sufficiently alleged the existence of an actual injury.

### 3. Due Process Claim

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

"[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. Buckley, 997 F.2d at 495.

Because plaintiff does not have a protected liberty interest in the inmate appeals process, plaintiff may not pursue a claim against defendants for denial of procedural due process protections.

### 4. Equal Protection Claim

"The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982)). "'To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.'" Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001) (quoting Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)). "Intentional discrimination means that a defendant acted at least in part *because of* a plaintiff's protected status." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (quoting Maynard v. City of San Jose, 37 F.3d 1396, 1404 (9th Cir. 1994)) (emphasis in original).

Plaintiff has not alleged any facts which support a claim that defendants intentionally discriminated against him based on his membership in a protected class.

### D. Conclusion

The court finds that plaintiff's complaint states a cognizable claim for relief under section 1983 against defendants Gricewich and Peiffer for retaliation. However, the court finds that plaintiff's complaint does not contain any other claims upon which relief may be granted under section 1983. Plaintiff was provided with the opportunity to file an amended complaint, but opted to proceed on the claim found to be cognizable by the court. Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed on plaintiff's original complaint, filed January 16, 2007, against defendants Gricewich and Peiffer under section 1983 for retaliation; and
2. Plaintiff's denial of access to the courts claim, due process claim, and equal protection claim be dismissed from this action for failure to state a claim upon which relief may be granted.

1   These Findings and Recommendations will be submitted to the United States District
2  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within
3  **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file
4  written objections with the court.  The document should be captioned "Objections to Magistrate
5  Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections
6  within the specified time may waive the right to appeal the District Court's order.  Martinez v.
7  Ylst, 951 F.2d 1153 (9th Cir. 1991).

9   IT IS SO ORDERED.
10   Dated:   **May 21, 2007**               **/s/ Dennis L. Beck**
                                            UNITED STATES MAGISTRATE JUDGE