1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

9

| | |
|---|---|
| ARVIN B. CARROLL, | CASE NO. 1:07-cv-00070-AWI-NEW (DLB) PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED |
| v. | |
| B. GRICEWICH, et al., | (Doc. 29) |
| Defendants. | OBJECTIONS DUE WITHIN THIRTY DAYS |

10

11

12

13

14

15

16

Plaintiff Arvin B. Carroll ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On July 16, 2007, plaintiff renewed his motion seeking a preliminary injunction. Although plaintiff fails to specify the precise order he is seeking, it appears to be one mandating that his inmate appeals be properly processed in a timely manner and prohibiting defendants Gricewich and Peiffer ("defendants") from retaliating against him.

17

18

19

20

21

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must

22

23

24

25

26

27

28

1

1   demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the

2   plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must

3   demonstrate a fair chance of success of the merits, or questions serious enough to require litigation."

4   Id.

5        "[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold

6   requirement imposed by Article III of the Constitution by alleging an actual case or controversy."

7   City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665 (1983) (citations omitted);

8   Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). "Abstract injury is not enough."

9   Lyons, 461 U.S. at 101, 103 S.Ct. at 1665. "[P]laintiff must show that he has sustained or is

10   immediately in danger of sustaining some direct injury as the result of the challenged official conduct

11   and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical."

12   Id. (internal quotations and citations omitted). "The key issue is whether the plaintiff is 'likely to

13   suffer future injury.'" Jones, 444 F.3d at 1126 (quoting Lyons at 105, 1667). When a government

14   agency is involved, it must "be granted 'the widest latitude in the dispatch of its own internal

15   affairs,'" Gomez v. Vernon, 255 F.3d 1118, 1128 (9th Cir. 2001) (quoting Rizzo v. Goode, 423 U.S.

16   362, 378-79, 96 S.Ct. 598, 608 (1976)), and "[w]hen a state agency is involved, these considerations

17   are, in anything, strengthened because of federalism concerns," Gomez, 255 F.3d at 1128. "[A]ny

18   injunctive relief awarded must avoid unnecessary disruption to the state agency's 'normal course of

19   proceeding.'" Id. at 1128 (quoting  O'Shea v. Littleton, 414 U.S. 488, 501, 94 S.Ct. 669, 679

20   (1974)).

21        In addition, any award of equitable relief is governed by the Prison Litigation Reform Act,

22   which provides in relevant part, "Prospective relief in any civil action with respect to prison

23   conditions shall extend no further than necessary to correct the violation of the Federal right of a

24   particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless

25   the court finds that such relief is narrowly drawn, extends no further than necessary to correct the

26   violation of the Federal right, and is the least intrusive means necessary to correct the violation of

27   the Federal right." 18 U.S.C. § 3626(a)(1)(A).

28        Equitable remedies are "unavailable absent a showing of irreparable injury, a requirement

1    that cannot be met where there is no showing of any real or immediate threat that the plaintiff will

2    be wronged again - a 'likelihood of substantial and immediate irreparable injury.'" Lyons at 111,

3    1670 (quoting O'Shea, 414 U.S. at 502, 94 S.Ct. at 679).   "[A] preliminary injunction is an

4    extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear*

5    *showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997)

6    (quotations and citations omitted) (emphasis in original).

7         This action is proceeding against defendants for retaliation, in violation of the First

8    Amendment.  Plaintiff alleges that defendants hindered his ability to utilize the inmate appeals

9    process in retaliation against him for complaining in writing about the failure to timely respond to

10   his appeals.  Plaintiff alleges in his motion and supporting declaration that because defendants are

11   failing to respond to his grievances, his ability to exhaust is undermined, and his medical, legal, and

12   living condition issues "could have and still can bloom into major events seriously threatening my

13   welfare, health, or safety."  (Doc. 31, Carroll Dec., ¶5; Doc. 30, Court Record pgs. 3-4.)

14        The existence of an administrative remedy process does not create any substantive rights and

15   cannot support a claim for relief for violation of a constitutional right. Ramirez v. Galaza, 334 F.3d

16   850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Massey v. Helman,

17   259 F.2d 641, 647 (7th Cir. 2001).  Further, exhaustion of administrative remedies is an affirmative

18   defense that must be raised and proven by defendants.  As plaintiff was previously advised when his

19   access to the courts claim was dismissed, plaintiff's constitutional right of access to the courts is not

20   violated until and unless he is barred from pursuing a civil suit on the ground that he did not exhaust

21   and that failure to exhaust is the result of defendants' actions.  (Docs. 23, 32.)  For these reasons, the

22   bare interference with the inmate appeals process and plaintiff's inability to exhaust do not, in this

23   action, confer upon the court jurisdiction to issue any order remedying those alleged harms.

24        With respect to a retaliatory failure to process grievances that affects plaintiff's living

25   conditions at the prison, non-specific allegations that harm could have been suffered and might be

26   suffered in the future are simply not sufficient to demonstrate irreparable harm.  Plaintiff has not met

27   his burden as the moving party by making a showing that he is under any immediate or real harm.

28   ///

1          Therefore, the court HEREBY RECOMMENDS that plaintiff's motion for preliminary

2    injunctive relief, filed July 16, 2007, be DENIED.

3          These Findings and Recommendations will be submitted to the United States District Judge

4    assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**

5    **days** after being served with these Findings and Recommendations, plaintiff may file written

6    objections with the court.  The document should be captioned "Objections to Magistrate Judge's

7    Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

8    specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d

9    1153 (9th Cir. 1991).

10

11          IT IS SO ORDERED.

12          **Dated:    October 4, 2007**                    **/s/ Dennis L. Beck**
                                                           UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28