# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARVIE B. CARROLL,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>B. GRICEWICH, et al.,<br><br>　　　　　　Defendants.<br>　　　　　　　　　　　　　　　　／ | CASE NO. 1:07-cv-00070-AWI-GSA PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST BE GRANTED<br><br>(Doc. 47)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

**Findings and Recommendations on Defendants' Motion to Dismiss**

**I.　Procedural History**

Plaintiff Arvie B. Carroll ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on January 16, 2007, and it is proceeding against Defendants Pfieffer and Gricewich ("Defendants") for retaliation, in violation of the First Amendment. On October 30, 2007, Defendants filed a motion to dismiss for failure to exhaust the available administrative remedies. (Doc. 47.) On November 26, 2007, Plaintiff filed an opposition.[1] (Doc. 49.)

**II.　Exhaustion Requirement**

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

---

[1] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on July 11, 2007. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (Doc. 28.)

1

confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which Defendants have the burden of raising and proving the absence of exhaustion. Jones v. Bock, 127 S.Ct. 910, 921 (2007); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

**III.    Discussion**

On July 18, 2006, Plaintiff sent a written request to Defendant Pfieffer in which he referenced two inmate appeals for which responses were due. (Doc. 1, Comp., ¶8.) Plaintiff alleges that in retaliation for submitting that written request, Defendants agreed to block Plaintiff's efforts to exhaust his appeals, which would cause Plaintiff to be denied access to the courts. (Id., ¶14.) It is these allegations which form the basis of Plaintiff's cognizable retaliation claim against Defendants. Assuming Defendants meet their initial burden, a demonstration of exhaustion requires Plaintiff to show that exhaustion occurred when he submitted an appeal claiming that Defendants were retaliating against him and either completed the process through the available levels of review or encountered a situation in which the process was rendered unavailable. E.g., Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006) ("Prison officials may not take unfair advantage of the exhaustion

requirement, [] and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." (quoting Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006))); Abney v. McGinnis, 380 F.3d 663, 667 (2d 2004) (inability to utilize inmate appeals process due to prison officials' conduct or the failure of prison officials to timely advance appeal may justify failure to exhaust); Boyd v. Corrections Corp. of America, 380 F.3d 989, 996 (6th Cir. 2004) (administrative remedies are exhausted when prison officials fail to timely respond to properly filed grievance); Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002) (the failure to respond to a grievance within the policy time limits renders remedy unavailable); Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002) (when prison officials fail to respond, the remedy becomes unavailable, and exhaustion occurs); Foulk v. Charrier, 262 F.3d 687, 698 (8th Cir. 2001) (district court did not err when it declined to dismiss claim for failure to exhaust where prison failed to respond to grievance); Powe v. Ennis, 177 F.3d 393, 394 (5th Cir. 1999) (when a valid grievance has been filed and the state's time for responding has expired, the remedies are deemed exhausted); Underwood v. Wilson, 151 F.3d 292, 295 (5th Cir. 1998) (when time limit for prison's response has expired, the remedies are exhausted).

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2008). The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). In order to satisfy section 1997e(a), California state prisoners are required to use the available process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2383 (2006); McKinney, 311 F.3d at 1199-1201. Exhaustion does not *always* require pursuit of an appeal through the Director's Level of review. What is required to satisfy exhaustion is a fact specific inquiry, and may

///

be dependent upon prison officials' response to the appeal.  See Brown v. Valoff, 422 F.3d 926, 935-36 (9th Cir. 2005) ("[E]ntirely pointless exhaustion" is not required.)

As evidenced by the parties' arguments, the exhaustion issue is somewhat susceptible to confusion in this case because Defendants, as appeals coordinators, stand accused of hindering Plaintiff's ability to utilize the appeals process through unjustifiably screening out his appeals, etc. However, appeals grieving issues other than the retaliation claim are not relevant to the question of exhaustion. The appeals process does not require that inmates draft their appeals with the precision of an attorney. Nonetheless, if an inmate is going to file suit on the basis of wrongdoing by a prison official, that inmate must file an appeal which places officials on notice as to the basis of that wrongdoing. The failure to do so deprives officials of any opportunity review and take action on the alleged wrongdoing.  Therefore, relevant to the exhaustion issue is an appeal, if any, grieving Defendants' retaliatory conduct.

The parties' focus on the appeal submitted by Plaintiff on July 24, 2006, and screened out by Defendants is misplaced.  That appeal concerned Plaintiff's claim that he filed an earlier appeal regarding medical care issues but the appeal had not been responded to in compliance with the time constraints set forth in the regulations.  The appeal did not concern the claim that Defendants were retaliating against Plaintiff by tampering with his appeals or hindering his ability to utilize the process.  While, the allegedly unjustified screening out of the appeal submitted on July 24, 2006, is one of the adverse acts purportedly committed by Defendants in retaliation against Plaintiff, it is not evidence that Plaintiff did or did not exhaust his retaliation claim raised in this action.

The bulk of the parties' arguments relate to the aforementioned irrelevant appeal.  However, Defendants also submitted evidence that Plaintiff filed an appeal claiming that Defendant Gricewich was retaliating against him.  (Doc. 47, Motion, Ex. D.)  That appeal received a Director's Level decision in April of 2007, after Plaintiff filed this suit.  Id.  Defendants argue that to the extent Plaintiff relies on that appeal to demonstrate exhaustion, exhaustion did not occur prior to filing suit.

In his opposition, Plaintiff chooses to focus on the appeal submitted on July 24, 2006, rather than the later filed appeal against Defendant Gricewich for retaliation, arguing that Defendants are attempting to obscure the facts through misrepresentation and misdirection.  (Doc. 49, 8:14-19.)

As previously set forth, the appeal focused upon by Plaintiff *is* relevant to the merits of Plaintiff's retaliation claim because it is Defendants' actions with regard to that appeal that were allegedly retaliatory. However, the appeal is *not* relevant to the issue of exhaustion because the subject matter of the appeal was not a claim that Defendants were retaliating against Plaintiff because of the written request he filed on July 18, 2006. Plaintiff's general argument that the process was rendered unavailable due to Defendants' retaliatory actions is not sufficient. (Doc. 49, 15:14-19.) "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (quoting Booth, 532 U.S. at 739 n.5). Therefore, futility may not excuse compliance, and a bald assertion of unavailability is not sufficient. In order to advance a valid argument that exhaustion occurred because the process was rendered unavailable, Plaintiff must demonstrate that he attempted to utilize the process by appealing the claim at issue in his suit and was thwarted through no fault of his own. Pointing to *other* instances in which an appeal was allegedly thwarted is not sufficient.

Defendants have met their burden by showing that an appeal Plaintiff filed concerning the retaliatory conduct of Defendant Gricewich was not exhausted prior to filing suit. Plaintiff has not demonstrated that he did exhaust the retaliation claim at issue in this action prior to filing suit, and Defendants are therefore entitled to dismissal of this action, without prejudice. Jones, 127 S.Ct. at 918-19; McKinney, 311 F.3d at 1199-1201.

**IV.     Conclusion and Recommendation**

Accordingly, the Court HEREBY RECOMMENDS that Defendants' motion to dismiss, filed October 30, 2007, be GRANTED and this action be dismissed, without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the

///

///

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **May 5, 2008**        **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE