# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARVIE B. CARROLL,<br><br>        Plaintiff,<br><br>   v.<br><br>B. GRICEWICH, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:07-cv-00070-AWI-GSA PC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. 53)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST<br><br>(Doc. 47) |

      Plaintiff Arvie B. Carroll ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

      On May 6, 2008, the Magistrate Judge filed a Findings and Recommendations herein which was served on the parties and which contained notice to the parties that any objections to the Findings and Recommendations were to be filed within thirty days. On May 19, 2008, Plaintiff filed an Objection.

      In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a <u>de novo</u> review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis. In this action, Plaintiff contends that Defendants, as appeals coordinators, hindered Plaintiff's ability to utilize the appeals process through unjustifiable actions in retaliation for Plaintiff accessing the courts. The Magistrate

Judge found that while Plaintiff had exhausted the underlying appeals that Defendants' allegedly interfered with prior to filing this civil rights action, Plaintiff had not exhausted the issue of Defendants' alleged retaliation prior to filing this action. In the objections, Plaintiff contends that he did exhaust the retaliation claim because in Plaintiff's responses to decisions made in the July 24, 2006 appeal, Plaintiff raised the issue of Defendants' alleged retaliation when presenting the July 24, 2006 appeal at later stages in the prison grievance process. However, the underlying July 24, 2006 appeal was not about Defendants' alleged retaliation. Because the underlying issue raised in this appeal was not Defendants' alleged retaliation, the court finds that the fact Plaintiff brought up the issue of retaliation during later steps in the prison grievance process is not sufficient to have properly exhausted the retaliation issue. Plaintiff's cites to <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 514 (2002) and <u>Fontana v. Haskin</u>, 262 F.3d 871, 877 (9th Cir. 2001) do not provide authority to the contrary as these cases discuss only the pleading standard necessary under Rule 8 of the Federal Rules of Civil Procedure and not exhaustion.[1]

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed May 6, 2008, is adopted in full;
2. Defendants' motion to dismiss, filed October 30, 2007, is GRANTED;
3. This action is dismissed, without prejudice, for failure to exhaust;
4. All pending motions are denied as MOOT; and
5. The Clerk of the Court is DIRECTED to close this file.

IT IS SO ORDERED.

**Dated:   June 24, 2008**            /s/ Anthony W. Ishii
                              UNITED STATES CHIEF DISTRICT JUDGE

---

[1] To the extent Plaintiff asks to be able to appeal this action in the event the court adopts the Findings and Recommendations, Plaintiff is informed that this order constitutes a final order in this action.